UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RILEY JEROME WILLIAMS,

                Plaintiff,

                                                    **Hon. Hugh B. Scott**

                v.                                      10CV364
                                                    (CONSENT)

                                                      **Order**

C.O. BANASZAK, et al.,

                Defendants.

Before the Court is defendants'[1] motion for summary judgment (Docket No. 32) to dismiss the pro se plaintiff's Complaint. The parties consented to proceed before the undersigned as Magistrate Judge on October 28, 2011 (Docket No. 15).

In support of this motion, defendants filed their Memorandum of Law, Statement of Undisputed Facts (Docket No. 32), the declaration of defense counsel (with exhibits) (Docket Nos. 32, 42), and the declarations of defendants and other Department of Corrections and Community Supervision ("DOCCS") employees (Docket Nos. 32-41), with exhibits (e.g., Docket No. 36). Included among these declarations are those of DOCCS employees Vance Hawley

---

[1]Plaintiff's handwritten Complaint misidentified some of the defendants. In their motion for summary judgment, these defendants corrected their identification. As thus corrected, the defendants are C.O. Christopher Banaszak (Docket No. 33), C.O. Roger Kobiercki (Docket No. 46), C.O. Darryl Borawski (Docket Nos. 48, 49), C.O. Edward Hulton (Docket No. 44), retired Lt. Gary Bartz (not Bantz, Docket No. 45, at 1 n.1), C.O. William Murray (Docket No. 41), and C.O. Rodney Burns (not Buriki, Docket No. 47, at 1 n.1). See also Docket No. 32, Defs. Statement ¶¶ 6-12.

(Docket No. 32, with exhibits), Jeffrey Hale (id., with exhibits), Nicholas Paternostro (Docket No. 37, with exhibit), and Robert Dunbar (Docket No. 38, with exhibits).

Several of defendants' declarations were refiled due to electronic filing issues; these include

| Declarant's Last Name | Original Docket No. | New Docket No. |
| --- | --- | --- |
| Hulton | 32 | 44 |
| Bartz (misidentified as Bantz) | 34 | 45 |
| Borawski | 35, 36 (exhibits) | 48, 49 (exhibits) |
| Kobierecki | 39 | 46 |
| Burns (misidentified as Buriki) | 40 | 47 |
| Defense Counsel | 32 | 42 |

This Court will cite to the refiled versions of these papers.

Responses to this motion were due by October 3, 2012, with any reply due by October 17, 2012, and the motion deemed submitted as of October 17, 2012, without oral argument (Docket No. 43).

Plaintiff did not submit a response. Rather, he wrote a letter, dated October 17, 2012, but received by the Court by November 6, 2012 (which this Court docketed, Docket No. 50). There, the plaintiff noted his apparent confusion about the defendants' submissions, although he did not enclose a copy of the papers he was concerned about or clearly copy defense counsel on this letter. By the electronic filing of this letter, defense counsel has presumably received it. Defense counsel has not filed a response to plaintiff's letter.

2

BACKGROUND

*Pleadings and Defendants*

Plaintiff sued seven corrections officers or lieutenants at the Attica Correctional Facility ("Attica") alleging that, on March 26, 2010, he was taken out of his cell, walked down some steps where he was beaten by officers (Docket No. 5, Am. Compl.; see also Docket No. 1, Compl.). He was granted leave to proceed as a poor person (Docket No. 4 (Order); see Docket No. 2 (motion for poor person status)). Plaintiff then filed his Amended Complaint (Docket No. 5). Defendants answered the Amended Complaint on September 14, 2011 (Docket No. 14).

*Defense Summary Judgment Motion*

According to defendants' uncontested statement of facts (Docket No. 32), plaintiff was an inmate at Attica (Docket No. 32, Defs. Statement ¶ 4). Officer Paternostro was also a corrections officer at Attica at the time of this incident; he assisted officer Hulton during the use of force incident of March 26, 2010, involving plaintiff (id. ¶ 13[2]). Sergeant Dunbar was assigned to Attica and responded to plaintiff's use of force incident (id. ¶ 14). Vance Hawley was a nurse at Attica and he examined plaintiff following the incident (id. ¶ 15). Jeffrey Hale was employed by DOCCS at the Central Office Review Committee ("CORC") as assistant director of the Inmate Grievance Program (id. ¶ 16).

On March 26, 2010, plaintiff attended Muslim lunch when he found water on his seat, so he refused to sit there and asked to see a sergeant (id. ¶¶ 17-19). Plaintiff was escorted from the mess hall for creating a disturbance and a ticket was written for the violation (id. ¶ 20). Sergeant Dunbar instructed to have plaintiff come to speak with him (id. ¶ 21).

---

[2]Defendants' Statement misdates this incident as occurring in 2012.

Plaintiff claims that defendants took him to a stairway where they assaulted him (cf. Docket No. 44, Hulton Decl. ¶ 3). Officer Hulton states that he was escorting plaintiff from the mess hall to a sergeant when (unprovoked) plaintiff struck Hulton in the jaw (id. ¶ 6, Exs. A, B; see also Docket No. 37, Paternostro Decl. ¶ 5; Docket No. 38, Dunbar Decl. ¶ 7, Ex. B). Hulton and officer Paternostro then used force to subdue the plaintiff (Docket No. 44, Hulton Decl. ¶¶ 7-8; Docket No. 37, Paternostro Decl. ¶¶ 6-7), with both officers suffering injuries from the incident (Docket No. 44, Hulton Decl. ¶ 10, Ex. C; Docket No. 37, Paternostro Decl. ¶ 8). Plaintiff was moved to cell CE-2 without further incident (Docket No. 44, Hulton Decl. ¶ 9). Plaintiff later testified that he did not recall having any interactions with defendant officers prior to this incident (Docket No. 32, Defs. Statement ¶ 26; Docket No. 42, Defs. Atty. Aff. Ex. A, Pl. EBT Tr. at 10-12).

Hawley later examined plaintiff and noted swelling to his right eye brow, superficial abrasions to his right shoulder but no swelling, a 4" by 3" reddening patch between his shoulder blades. Plaintiff complained of pain in his right hip but no swelling or redness noted. (Docket No. 32, Defs. Statement ¶ 23.) Plaintiff was not given any medication but was instructed to keep the abrasion clean (id. ¶ 24). Plaintiff's medical records indicate that he sought medical attention on March 31, 2010 (id. ¶ 25).

On April 12, 2010, plaintiff filed a grievance regarding the mess hall incident and a grievance on the use of force incident on August 26, 2010, with both grievances being denied (id. ¶¶ 27-28; Docket No. 32, Hale Decl., Ex. B). In May 2010, the Superintendent at Attica investigated the matter (as a harassment claim, see Docket No. 32, Hale Decl., Ex. B, Inmate Grievance Compl. No. 56717-10), and confirmed the denial of the grievance (Docket No. 32,

Defs. Statement ¶ 29). Plaintiff did not appeal to CORC (id. ¶ 30; Docket No. 32, Hale Decl. ¶¶ 7-8).

Kobiercki delivered the Tier II (for the mess hall portion of the incident) and Tier III (for the use of force) hearing notices to plaintiff in late March 2010 (Docket No. 32, Defs. Statement ¶¶ 31, 33), and Murray conducted the Tier II mess hall incident disciplinary hearing (id. ¶ 32), while Burns conducted the Tier III use of force disciplinary hearing (id. ¶ 34). Lt. Borawski reviewed the Tier III proceeding (Docket No. 48, Borawski Decl. ¶ 4, Ex. A) while Lt. Bartz reviewed the Tier II proceeding (Docket No. 45, Bartz Decl. ¶ 4, Ex. A). Other defendants deny using excessive force upon plaintiff (Docket No. 48, Borawski Decl. ¶ 5; Docket No. 45, Bartz Decl. ¶ 5; Docket No. 46, Kobiercki Decl. ¶ 7; Docket No. 47, Burns Decl. ¶ 11; Docket No. 41, Murray Decl. ¶ 11), or even being on duty on that day (Docket No. 33, Banaszak Decl. ¶ 4, Ex. A; Docket No. 45, Bartz Decl. ¶ 4, Ex. A).

Defendants argue that any use of force against plaintiff on March 26, 2010, was de minimis and not in violation of his rights (Docket No. 32, Defs. Memo. at 2, 8-12), that plaintiff fails to show the personal involvement of some defendants, in particular Banaszak, Bartz, Borawski, Burns, Kobiercki, and Murray (id. at 2, 12-17; Docket No. 44, Hulton Decl., Exs. B, C (use of force and unusual incident reports)), and asserted qualified immunity (Docket No. 32, Defs. Memo. at 2, 17-18) and Eleventh Amendment sovereign immunity (id. at 18). They argue that plaintiff failed to exhaust his administrative remedies (id. at 4-7).

DISCUSSION

I.      Standards

    A.      Summary Judgment

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). The opponent to summary judgment may argue that he cannot respond to the motion

where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id. Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

Another factor to consider is the fact that plaintiff is proceeding pro se in this action. As a result, his pleadings as a pro se plaintiff are to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, [550 U.S. 544, 555], 127 S. Ct. 1955, 1964, (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at [555], 127 S. Ct. 1955, 1964, (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))."

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In Erickson, the Court held that the Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by dismissing a pro se inmate's claims.

> "The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is 'to be liberally construed,' [Estelle v. Gamble, 429 U.S., 97, 106 (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

551 U.S. at 94; see Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008). Thus, the pro se plaintiff's complaint has to be construed "more liberally" than one filed by counsel, Boykin, supra, 521 F.3d at 214.

    B.    Lack of Personal Involvement

To recover damages under 42 U.S.C. § 1983, plaintiff needs to establish the personal involvement of the individual defendants. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983," Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991); see Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). The Second Circuit in Colon instructs that to establish personal involvement of a supervisory defendant (such as Lt. Bartz or Lt. Borawski), plaintiff needs to introduce evidence that

> "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited

> deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring,"

Colon, supra, 58 F.3d at 873 (citing Wright, supra, 21 F.3d at 501). Simply being part of the prison chain of command is insufficient to establish liability, see Saxon v. Attica Medical Dep't, 468 F. Supp. 2d 480, 482 (W.D.N.Y. 2007) (Larimer, J.).

    C.    Qualified Immunity

When confronted by a claim of qualified immunity, one of the first questions for the Court to resolve is whether the facts, taken in the light most favorable to the party asserting the injury, show the official's conduct violated a constitutional right. See Saucier v. Katz, 533 U.S. 194, 201 (2001). The Saucier Court required district courts to first consider the constitutional question, then consider the qualified immunity question, id. But the Supreme Court in Pearson v. Callahan, 555 U.S. 223, 236 (2009), overruled Saucier on the order in which these questions are considered in requiring courts to first determine whether a constitutional violation occurred before considering whether defendants enjoy qualified immunity. Instead, district courts determine in each case whether to consider first the question of immunity or whether a constitutional violation has occurred, id. at 232. Thus, the order in which this Court may consider a qualified immunity claim is within this Court's discretion.

Government officials performing discretionary functions generally are shielded by qualified immunity from liability in their individual capacities, see Frank v. Reilin, 1 F.3d 1317, 1327 (2d Cir. 1993), "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "If it was objectively reasonable for the defendant to believe that his

9

act did not violate the plaintiff's constitutional rights, the defendant may nevertheless be entitled to qualified immunity." Anderson v. Creighton, 483 U.S. 635, 641 (1987); Lowth v. Town of Cheektowaga, 82 F.3d 563, 568-69 (2d Cir. 1996).

  D. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate plaintiff to first exhaust whatever administrative process exists prior to commencing an action under § 1983 or other federal statute.

IV. Application

  A. Exhaustion of Administrative Remedies

Plaintiff here has not alleged the extent to which he has exhausted his administrative remedies. The use of force incident, however, was considered administratively in plaintiff's Tier III proceeding and (as defendants note, Docket No. 32, Defs. Statement ¶¶ 27-30) plaintiff filed a grievance regarding this incident and did not appeal the denial of that grievance.

But this case need not turn on whether (or the extent to which) plaintiff exhausted his administrative remedies.

  B. Extent of Use of Force

Although the Eighth Amendment prohibits cruel and unusual punishment, not "every malevolent touch by a prison guard gives rise to a federal cause of action," Hudson v McMillian, 503 U.S. 1, 9-10 (1992); Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.) (not every push or shove violates a prisoner's constitutional rights), cert. denied, 414 U.S. 1033 (1973) (Docket No. 32, Defs. Memo. at 8). Plaintiff has to satisfy the objective and subjective tests for whether the use of force was cruel and unusual (id.). The objective test is that the inmate plaintiff has to

show that the force applied was "sufficiently serious" to establish a constitutional violation, Farmer v. Brennan, 511 U.S. 825, 834 (1994); while for the subjective test, a plaintiff must show that prison officials had a wanton state of mind when they engaged in the misconduct, Davidson v. Flynn, 32 F.3d 27, 30 (2d Cir. 1994) (citing Hudson, supra, 503 U.S. at 7); Suarez v. Kremer, No. 03-CV-809, 2008 WL 4239214, at *5 (W.D.N.Y. June 29, 2008) (Scott, Mag. J.) (Docket No. 42, Defs. Atty. Decl. Ex. B (copy of unpublished Suarez decision)), adopted, 2008 WL 4239214, at *1 (W.D.N.Y. Sept. 11, 2008) (Arcara, Ch.J.). Defendants argue that the de minimis use of force rarely suffices to state a constitutional claim, see Whitley v. Albers, 475 U.S. 312, 327 (1986); Suarez, supra, 2008 WL 4239214, at *5 (id. at 8-9). Here, plaintiff suffered some bruises and abrasions, that defendants deem to be de minimis from Hulton's use of force (id. at 10-11).

From the record before this Court, plaintiff struck Hulton first and Hulton (with other, not named as defendant corrections officers) responded to subdue the plaintiff causing bruises and scratches to all concerned. This does not reach the objective threshold for an unconstitutional excessive force claim. No reasonable jury could conclude that the degree of force used against plaintiff was sufficiently serious to establish a constitutional violation, Suarez, supra, 2008 WL 4239214, at *5. Plaintiff at worst had bruising, sought follow up medical treatment days after the incident and appears to have no subsequent significant complaints or permanent injury. As for the subjective test, Hulton has two witnesses that saw plaintiff strike first. Plaintiff has not produced evidence showing the Hulton acted with a wanton state of mind.

Thus, as to the remaining defendant actually involved in the use of force incident, Hulton, defendants' motion for summary judgment (Docket No. 32) is **granted**.

C.	Personal Involvement

Here, most of the defendants were not present during the use of force incident. The only defendant there was Hulton. The other defendants were involved in the Tier II or III proceedings arising from the incident (including the guard who served the misbehavior reports upon plaintiff) or were not on duty the day and time of the incident. Plaintiff fails to show these defendants' respective involvement in the use of force incident. Plaintiff does not allege a due process violation in the Tier II or III proceedings to state claims against defendants named solely for their roles in those proceedings. Therefore, defendants' motion for summary judgment (Docket No. 32) as to the defendants not involved in the use of force incident is **granted**.

D.	Qualified or Sovereign Immunities

Given the disposition on the merits, this Court need not address whether defendants should enjoy qualified immunity or sovereign immunity in this instance.

CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (Docket No. 32) is **granted**. The Court Clerk is directed to close this case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed

on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 17, 2012